No. 04-01-00502-CR



Matthew Peter MENDIOLA,


Appellant



v.



The STATE of Texas,


Appellee



From the 227th Judicial District Court, Bexar County, Texas


Trial Court No. 2000-CR-6187


Honorable Phillip A. Kazen, Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Phil Hardberger, Chief Justice

 Catherine Stone, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: April 10, 2002


AFFIRMED

 Matthew Peter Mendiola appeals his conviction for aggravated assault. On appeal, Mendiola
contends the trial court abused its discretion when it sustained his objection but did not cure the
State's improper closing argument during the guilt phase of the trial. Because the issue on appeal
involves well-settled law, we overrule Mendiola's point of error and affirm the trial court's judgment
in this memorandum opinion pursuant to Tex. R. App. P. 47.1

 During the State's summation, the following colloquy occurred:

 State: The law is there not only to protect the police officer, but it's also there to
protect people like him, and people who do foolish things. They need to be
punished for the acts that they do. And speaking about punishment, at this
time, if you remember, we talked about how there's two phases of the trial,
guilt/innocence and the punishment phase. Wide range of punishment.
Everything from probation to life in prison. Do you remember that?


 Mendiola's counsel: Objection, Your Honor. That's improper closing argument
for guilt/innocence.


 The Court: Sustained.


 State: I was just going to say, don't consider that at this -- at this time. At this time
you're only to consider whether he's guilty or he's not guilty. After he's
found guilty, then we get to the punishment phase.


Mendiola argues the continued discussion of punishment constituted reversible error. Even if the
continued remarks were improper, Mendiola cannot prevail because he has not preserved error.

 Before a defendant will be permitted to complain on appeal about an erroneous jury argument,
he must show he objected and pursued his objection to an adverse ruling. Cockrell v. State, 933
S.W.2d 73, 89 (Tex. Crim. App. 1996). After the trial court sustained Mendiola's objection,
Mendiola did not did not ask for an instruction to disregard or move for a mistrial. When a defendant
does not request such further relief, he does not preserve error for appellate review. See McFarland
v. State 989 S.W.2d 749, 751 (Tex. Crim. App. 1999).

 The judgment of the trial court is affirmed.

 

 Catherine Stone, Justice

Do Not Publish